A. J. HENDRICKS v. J. LEOPOLD & Co.

(No. 3131.)

APPEAL from Dallas County. Opinion by DAVIDSON, J.

THOMPSON & THOMPSON, counsel for appellant.

No counsel appeared for appellees.

§ **301.** *Receipt; only prima facie evidence of payment; may be explained or contradicted by parol, without a sworn plea of non est factum.* Appellant, A. J. Hendricks, plaintiff below, instituted this suit on May 20, 1890, in the county court of Dallas county, against J. Leopold & Co. Appellant made affidavit and gave bond for garnishment, had writs issued and served on various garnishees in this state, who answered, admitting indebtedness in various amounts to appellees. Appellees answered on August 5, 1890, by motion, demurrer and

general denial.    On January 16, 1891, appellant filed his original amended petition, in which he claimed, as in his original petition, that the appellees were indebted to him in the sum of $383.91, with interest thereon at eight per cent. per annum from the 30th day of June, 1888, when said sum became due and payable.    To support this recovery, appellant alleged, among other things, that on or about the 14th day of June, A. D. 1886, he was employed by appellees to travel for them, and to sell their goods in the state of Texas; that appellees agreed to pay appellant a salary of $60 per month and his traveling expenses; that afterwards, to wit, on or about January 1, 1887, appellant's salary was increased to $75 per month and his traveling expenses; that about July 15, 1887, the contract between appellant and appellees was again changed.    By the terms of the last contract, appellees agreed to pay appellant — *First*, a cash salary of $75 per month for the time he traveled for them; *second*, all his traveling expenses; and *third*, at the end of twelve months from that date, or at the termination of appellant's employment, if the same should occur before the expiration of twelve months, an estimate should be made of all the orders for goods taken by appellant and filled by appellees, from June 14, 1886, the date he entered appellees' employ, and appellees were then to pay him the difference between the cash salary of $65, then $75, per month, and five per cent. on said sales.    In other words, appellant's salary should be based on five per cent. of his sales, with a guarantied salary of so much per month; and at the end of twelve months, or the termination of the employment, the appellant should receive, in addition, a sum equal to the excess of five per cent. over the cash salary, if the said five per cent. should amount to more than the said cash salary.    Appellant further alleged that the appellees were indebted to him for various sums paid out for their account; also for $25 charged to appellant, and taken out of his cash salary

unjustly, and for other small amounts, all of which are specified in Exhibit A. Appellant further alleged that he remained in appellees' employ until June 30, 1888, and fully performed his part of the contract; that the five per cent. on sales was greater than the cash salary paid him by appellees; that this excess, together with the items above mentioned and a small balance on his cash salary, amounted to the sum of $383.91. On April 1, 1891, appellees filed an amended original answer, consisting of demurrers, general denial, and special plea of payment in full, founded on a certain check drawn by appellees in favor of appellant for $53.05, dated July 5, 1888. The case was tried by a jury, October 16, 1891. The appellant testified in his own behalf, and proved all the allegations in his petition, and fully made out his case. Appellant further testified that his expense account and salary account were kept separate and distinct; that he made out a carefully itemized statement of his expenses, and forwarded the same to appellees every two weeks; that he worked for appellees until June 30, 1888, when he quit their employ; that the said five per cent. amounted to more than the cash salary paid him by appellees, for which appellees were indebted to him; that they also owed him for expenses for the last two weeks in June, and a small balance on his cash salary; that he made a statement of his expense account on the night of the 30th of June, 1888, and sent it to appellees, and requested them to send him a statement of his sales in order that the contingent or conditional portion of his salary might be determined. Appellees never sent this statement, and about the middle or latter part of July, 1888, appellant made out the statement himself and forwarded it to appellees, and demanded payment of same. The statement sent by appellant was, in substance, the same as Exhibit A, which is just and correct, due and unpaid. Appellees read the check in evidence. In rebuttal, appellant offered to explain the check, and

show that it was sent to him and received by him in payment of his expense account, and not on his salary account, or in settlement of anything embraced in this suit, and also that the check had been altered since he received the money on the same; to all of which proof appellees objected, which objections were sustained by the court, and the proof refused because appellant had not filed a plea of *non est factum*, and appellant excepted. In refusing to permit appellant to explain the check offered and read in evidence by appellees, the court erred. "A receipt for money is only *prima facie* evidence of payment. It is not conclusive. It may be explained or contradicted by parol." [1 Civil Cas. Ct. App., § 1294. See, also, 1 Civil Cas. Ct. App., §§ 945, 1048; Burk v. Galveston Co., 76 Tex. 267.] If, as contended by appellant, the check was sent to and received by him only in payment of his expense account, and it did not refer to his salary, he had the legal right to show this state of case, and it was error to refuse to permit him to testify to such fact. It was not necessary for appellant to file his sworn plea, in the nature of a plea of *non est factum*, in order to explain the check or receipt. For the errors indicated the judgment is reversed and the cause remanded.

March 15, 1892.     ·     Reversed and remanded.